## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER**, | § | |
| *Plaintiff*, | § § § | |
| v. | § | EP-23-CV-00179-DCG |
| **JD GROUP, INC.**, | § § | |
| *Defendant*. | § § | |

### ORDER REQUIRING PARTIES TO FILE JOINT REPORT, PROPOSED SCHEDULING ORDER, AND DISCLOSURE STATEMENT

The Court **ORDERS** the parties to confer, under Federal Rule of Civil Procedure 26(f) and Local Court Rule CV-16(c), and **JOINTLY FILE** by **July 3, 2023**, (a) a Rule 26(f) Report that substantially conforms to the form set out in Appendix N of this District's Local Rules,[1] (b) a Proposed Scheduling Order that substantially conforms to the form set out in Appendix B of the Local Rules,[2] and (c) if applicable, a Disclosure Statement that complies with Federal Rule of Civil Procedure 7.1.  Parties shall file each of the foregoing as separate documents.

In the Joint Rule 26(f) Report, the parties must additionally state or provide:

1. A short statement of the facts that form the basis of the plaintiff's claims and that form the basis of the defendant's defenses.[3]  Each side's statement of facts shall be no longer than one page with type double-spaced;

2. for non-removed cases predicated on diversity jurisdiction,[4]

---

[1] *See* W.D. TEX. LOCAL RULE CV-16(d).

[2] *Id.* CV-16(a).

[3] This item asks for *factual* bases of the parties' claims and defenses, which is different from Question No. 1 in Appendix N; the latter asks for the nature of claims and defenses, and the elements of their proof.

[4] This item is in addition to Question No. 2 in Appendix N, which asks about "removed cases based on diversity jurisdiction . . . ."

      a. whether the parties agree that the amount in controversy exceeded $75,000 removal and if not, each party must state its position on the amount in controversy; and

      b. if any party is a partnership or limited liability company, whether the parties confirmed the citizenship of all partners/members in determining whether diversity exists;

3. whether any party has demanded or demands a trial by jury;[5] *and*

4. whether or not the parties consent to have a United States magistrate judge conduct any and all further proceedings in the case, including trial, order the entry of a final judgment, and conduct all post-judgment proceedings.[6]

**So ORDERED and SIGNED this 2nd day of June 2023.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See* FED. R. CIV. P. 38, 39(b), 81(c)(3).

[6] Pursuant to 28 U.S.C. § 636(c)(1), all full-time Magistrate Judges may try any jury or non-jury civil case with all parties' consent.  Because of the crowded condition of this Division's criminal docket and the resulting difficulty in scheduling civil trials before a District Judge, you may wish to consent to trial by a United States Magistrate Judge.

If a party wishes to consent to trial before a Magistrate Judge, it must file a notice of consent as soon as possible.  Such consent must be voluntary, and a party is free to withhold consent without suffering adverse consequences.  If all parties so consent, the Court will enter an order referring the case to a Magistrate Judge for trial and for entry of judgment.  If the Court has previously referred the case to a Magistrate Judge for pretrial matters, the trial will occur before the Magistrate Judge already assigned to the case.