UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

BRANDON CALLIER, Plaintiff      )
      )
v.      )  CIVIL ACTION NO. EP23CV0179
      )
JD GROUP INC., Defendant      )

## THIRD PARTY COMPLAINT AND DEMAND FOR JURY TRIAL

1.      This is an action to make JD Group, Inc.'s telemarketing vendor honor its indemnity obligations that specifically cover the claims made in this case by Plaintiff, Brandon Callier. Plaintiff claims that he received calls that violated the Telephone Consumer Protection Act ("TCPA"). Those calls were not, however, made by Defendant, JD Group, Inc. Instead, the allegedly improper calls were made by JR Dallas Wealth Management LLC.

2.      JD Group paid JR Dallas Wealth Management, LLC, significant amounts, and was promised, in writing, to indemnify JD Group and to thereby hold it harmless from various claims including, without doubt, the TCPA claims set forth in this action.

3.      Since JR Dallas Wealth Management, LLC, and not JD Group, Inc., is and has been responsible for calling prospective Medicare Beneficiaries to solicit them to order COVID-19 Test Kits,  the parties' written agreement place all TCPA dialing compliance on JR Dallas Wealth Management LLC, and therefore any claims or lawsuits asserting violations of the TCPA, regardless of merit, ought to be answered and defended by the JR Dallas, and/or JR Dallas must indemnify JD

1

Group, Inc., for any judgment against it, and its cost of defending the <u>Callier</u> suit.

4.      On May 2, 2023,  Plaintiff, Brandon Callier, filed this action alleging

that 17 calls were made to his phone in March and April, 2023.

5.      Plaintiff alleges he has a telephone number ending in 4374 which he

registered in the DO NOT CALL Registry in January 2021, and remains registered.

Plaintiff's Complaint, ¶¶ 24, 25.

6.      Plaintiff alleges that JDG "hires telemarketers to solicit [its] covid-19

test kits." According to Plaintiff, "JD Group's telemarketers" called him about his

father's Medicare 17 times, starting on March 1, 2023. Id. ¶¶ 27 – 29.

7.      The calls were from two numbers, 970-552-0615 (14 times) and 562-

449-0316 (three times). The calls from the 970 exchange number solicited Plaintiff

to order COVID-19 Test Kits "via Medicare." Id. ¶¶ 37 – 38.

8.      On April 11, 2023, Plaintiff gave his father's birth date and ordered

covid-19 test kits from the 562 exchange number.  Id. ¶¶ 40 – 41.

9.      The test kits arrived on April 13, 2023, at Plaintiff's father's home in

Tyler, Texas.  They were mailed on April 11, 2023, "from JD Group, INC, 16064

Beaver Pike, Jackson, Ohio 45640." Id. ¶¶ 42 – 43. The tracking number that the

label was created on March 23, 2023, shipped on April 11, and delivered on April 13,

2023.

10.     From this, and his looking at JD Group's website, Plaintiff alleges he

"determined" that the 17 calls were made by JD Group, Inc.

11.     During the period involved in this case, JD Group, Inc., had only one

source of "leads" of persons who had been called and were requesting to be shipped COVID-19 Test Kits; that one source was JR Dallas Wealth Management LLC.

12.     Plaintiffs allege that the 17 calls violated the TCPA because, among other things, they were made using equipment the TCPA prohibits, namely, an Automatic Telephone Dialing System ("ATDS").  In simple terms, Plaintiffs' allegations revolve around the telemarketers' telephone dialing systems, including the capacity and functionality of those systems – systems that the JR Dallas Wealth Management LLC represented to JD Group, Inc., complied with the law.

13.     Plaintiffs seek statutory damages under the TCPA, which imposes a five hundred dollar per violation penalty (fifteen hundred if willful).

14.     JD Group negotiated for and obtained from JR Dallas Wealth Management LLC a commitment to indemnify, to make JD Group, Inc., whole for amounts incurred as a result of this lawsuit.  Separately, if this court ultimately finds that JR Dallas Wealth Management LLC violated the TCPA or other applicable law, it must be held liable to pay such judgment in accordance with its contract with JD Group, Inc.

15.     JD Group asserts two causes of action against JR Dallas Wealth Management LLC. By its breach of contract claim, JD Group, Inc., seeks all damages caused by the JR Dallas Wealth Management LLC's,  failure to defend, including without limitation, reimbursement of the fees and costs of counsel JD Group, Inc., has thus far incurred defending this case and prosecuting its third party lawsuit against JR Dallas Wealth Management LLC.  JD Group, Inc. also

seeks a declaratory judgment that, pursuant to their contractual commitments to JD Group, Inc.,  JR Dallas Wealth Management LLC, is obligated to indemnify it, and to defend and be responsible for all continuing costs and expenses incurred by JD Group, Inc., in connection with this lawsuit, as well as any judgment or settlement.

16.     JD Group, Inc., is a Massachusetts corporation organized and existing under the laws of Massachusetts, with a place of business located at 515 Granby Road, Chicopee, Massachusetts.

17.     JR Dallas Wealth Management LLC, is a Texas Corporation having its principal place of business at  2201 Spinks Road, Suite 117, Flower Mound, Texas.

JURISDICTION AND VENUE

18.     This Court has supplemental subject matter jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367, as the subject matter of the third party claims arises out of the same common nucleus of operative facts, and/or the same transaction or occurrence, as embraced in the First-Party Complaint.

19.     This Court has personal jurisdiction over Third Party Defendant, JR Dallas Wealth Management LLC, since it maintains systematic and continuous contact with the state of Texas.  Moreover, upon information and belief, this Court has specific personal jurisdiction over JR Dallas Wealth Management LLC based its conduct in this case, namely their calls to Plaintiff in the state of Texas. Further, it is incorporated in Texas, and maintains an office and business presence in the State of Texas, purposely availing itself of the privilege of doing business in the State of

Texas.

20.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events or omissions giving rise to the claims are alleged to have occurred.

FACTUAL ALLEGATIONS

21.     As part of its business to provide Medicare Beneficiaries with free (to them, paid by Medicare) COVID-19 antigen home Test Kits, JD Group, Inc., relies on purchasing "leads" of persons who have ordered to such Test Kits and want them to be mailed to their home.

22.     JD Group, Inc., entered into discussions with the principal of JR Dallas Wealth Management LLC, Mr. Jahangir Raja, who held his company out as being experienced in carrying out telemarketing and soliciting orders for Medicare products, his staff was comprised of experienced professionals in the business-to-consumer outbound telephone marketing industry.

23.     JD Group, Inc., contracted with JR Dallas Wealth Management LLC, to provide leads, and make solicitations to generate the leads, by calling Medicare Beneficiaries.  JD Group, Inc., does not make any such calls itself.

24.     JR Dallas Wealth Management LLC, claimed to be an experts in the field, fully familiar and compliant with the myriad state and federal rules and regulations governing telemarketer/consumer communications.

25.     After engaging in its customary vetting process JD Group, Inc., executed a written contract with JR Dallas Wealth Management LLC.

26.     A true copy of the "Service Provider—Marketing" agreement between

JR Dallas Wealth Management, and JD Group, Inc., in force on the dates of the 17

phone calls alleged by Plaintiff, is attached hereto as Exhibit A.

27.     JD Group, Inc. does not own or control any of call center vendors.

Instead, JD Group, Inc., relies on its JR Dallas Wealth Management LLC, stated

marketing skills and capabilities as well as compliance policies and practices.

28.     JD Group, Inc., protects itself contractually against lawsuits and

damages related to actual or alleged violations of law, including TCPA violations.

Indeed, JD Group, Inc., paid JR Wealth Management LLC hundreds of thousands of

dollars in exchange for important promises, namely, that the vendors would (i)

communicate properly with consumers in an effort to generate "leads" for Medicare

Beneficiaries who want to be shipped COVID-19 Test Kits, and (ii) answer for and

protect JD Group, Inc. from third party claims related to the JR Dallas Wealth

Management LLC's calling practices.

30.     As part of the written agreement in force between JD Group, Inc., and

JR Dallas Wealth Management LLC, that agreement provided:

> 2.3. Both JD Group and JR agree to the submission of a Call List, Email List,
> and, Call Script in full compliance with all Federal, State, City, and Local
> laws and regulations regarding Email Marketing and Telemarketing policies.
> Client shall be indemnified against any and all claims arising from
> infractions of such policies, laws, and regulations.

31.     Over the course of the parties' contractual relationship, JR Wealth

Management LLC continuously promised JD Group, Inc. that it would comply with

all applicable laws.

32.     JD Group, Inc., has made demand upon JR Dallas Wealth

Management, LLC, that it assume the defense of the Plaintiff's lawsuit on its behalf,

and agree to honor its agreement to indemnify it for any judgment against it, but

has not received a response agreeing to do so, to date.

33.     Because the only source to JD Group, Inc., for the "leads" for Medicare

COVID-19 Test Kits during the time period of the 17 calls set forth in Plaintiff,

Brandon Callier's, Complaint, the calls, if they were made on JD Group, Inc.'s behalf,

must have been made by JR Dallas Wealth Management LLC.

34.     If it is true that Plaintiff, Brandon Callier, was called, and his father

received Test Kits with a return address stating they were from JD Group, Inc.,

then those test kits were the result of a "lead" sold to JD Group, Inc., from JR Dallas

Wealth Management, LLC, who in turn had actually called and solicited Mr. Callier

to have Test Kits sent to his father.

COUNT I
(Breach of Contract)

35.     Third-Party Plaintiff JD Group, Inc. repeats and realleges each of the

foregoing allegations as if fully set forth herein.

36.     JD Group, Inc.'s, **Service Provider Agreement – Marketing**

Agreement with JR Dallas Wealth Management LLC is a valid and binding contract

between the parties.

37.     JD Group, Inc. has fully performed its obligations under the

agreements and has been paying fees pursuant to the agreement to JR Dallas

7

Wealth Management, LLC.

38.     If first party Plaintiff's allegations are correct, then JR Wealth

Management, LLC, is liable to JD Group, Inc., for breach of contract, by making

phone calls in violation of TCPA and the Texas Statute set forth in Plaintiff's

Complaint, and accordingly JR Dallas Wealth Management LLC has further

breached its contract by its failure to indemnify JD Group, Inc., and has deprived

JD Group, Inc., of the benefit of the parties' bargain by failing to indemnify and hold

JD Group, Inc., harmless.

39.     The Vendors have neither assumed the defense of the Martinez case

nor reimbursed JD Group, Inc. for the costs it has incurred in defending against it.

40.     In the absence of the JR Dallas Wealth Management LLC failure to

defend, JD Group, Inc., had no choice but to do so, paying legal fees and costs that

are the responsibility of the JR Dallas Wealth Management LLC, and JD Group,

Inc., is also incurring costs and fees in connection with prosecuting  this Third-Party

action.

41.     As a direct and proximate result of the JR Dallas Wealth Management

LLC breaches, JD Group, Inc., suffered harm in an amount to be determined at

trial.

COUNT II
(Declaratory Judgment)

42.     Third-Party Plaintiff JD Group, Inc. repeats and realleges each of the

foregoing allegations as if fully set forth herein.

43.     By failing to defend and refusing to indemnify JD Group, Inc., for costs

8

incurred in defending against the Callier case, JR Dallas Wealth Management LLC has breached its agreement with JD Group, Inc..

44.     The agreements impose continuing obligations on the Vendors with regard to their indemnity promises, but the Vendors have refused to honor these promises.

45.     By reason of the foregoing, an actual and justiciable controversy exists between the parties as to the duties, rights and obligations of the parties under the agreements.

46.     Accordingly, JD Group, Inc. seeks a declaratory judgment that the Vendors are responsible (i) to defend JD Group, Inc. against this lawsuit; (ii) hold JD Group, Inc. harmless from all damages and costs incurred by JD Group, Inc. in connection with this lawsuit; (iii) for verdicts and judgments, if any, against JD Group, Inc. as a result of such action; and (iv) any reasonable settlement entered into by JD Group, Inc.

## COUNT III
### (COMMON LAW INDEMNITY)

47.     Third-Party Plaintiff JD Group, Inc. repeats and realleges each of the foregoing allegations as if fully set forth herein.

48.     A cause of action for Common Law Indemnity with respect to liability of a purely vicarious nature survives the enactment of the contribution statutes, and as such an employer is entitled to indemnity form a negligent contractor when the liability of the contractor's negligence is purely derivative.

49.     Upon a judicial adjudication that JR Wealth Management LLC is liable

to First Party Plaintiff, Brandon Callier, then JD Group, Inc., is entitled to indemnification from JR Wealth Management LLC.

## PRAYER FOR RELIEF

WHEREFORE, JD Group, Inc. requests that the Court order relief, as follows:

a)      Actual, compensatory, consequential, and exemplary damages in an amount to be determined at trial for all losses and damages suffered as a result of the acts and transactions complained of herein;

b)      All costs and expenses incurred by JD Group, Inc. in connection with the defense of the Callier suit and the prosecution of this Third-Party Complaint;

c)      A declaratory judgment that JR Wealth Management, LLC, is obligated under its agreement (i) to defend JD Group, Inc., against this lawsuit; (ii) hold JD Group, Inc., harmless from all damages and costs incurred by JD Group, Inc., in connection defending the Callier claims, and prosecuting the present Third Party claims, in this lawsuit; (iii) for indemnification of verdicts and judgments, if any, against JD Group, Inc., as a result of such action; and (iv) any reasonable settlement entered into by JD Group, Inc.;

d)      All such other relief as may be deemed just and equitable.

## JURY DEMAND

Third Party Plaintiff, JD Group, Inc., demands a trial by jury on all claims and issues so triable.

JD GROUP, INC., Defendant

/s/ Brock Morgan Benjamin
BROCK MORGAN BENJAMIN
BENJAMIN LAW FIRM
609 B Myrtle
El Paso, TX 79901
Ph. (915) 221-7429
E-mail: brock@brockmorganbenjamin.com

–and-

/s/ John B. Stewart
JOHN B. STEWART (BBO #551180)
*Pro Hac Vice Counsel*
JOHN B. STEWART, P.C.
73 Chestnut Street, Suite 310A
Springfield, MA 01103
Ph. (413) 206-9134
E-mail: TheTrialer@aim.com

/s/ Thomas A. Kenefick, III
THOMAS A. KENEFICK
*Pro Hac Vice Counsel*
LAW OFFICE OF THOMAS A. KENEFICK, III
73 Chestnut Street
Springfield, MA 01103
Ph. (413) 734-7000
E-mail: takenefick@takenefick.com

CERTIFICATE OF SERVICE

I certify that a true copy of the within document was filed through the ECF system and will be sent electronically to the registered participants as identified on the notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on June 12, 2023.  E-mail to <callier74@gmail.com> along with mailing to Brandon Callier,  6636 Franklin Trail Drive, El Paso, TX 79912.

/s/ John B. Stewart
JOHN B. STEWART