UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER**, § | |
| § | |
| *Plaintiff*, § | |
| v. § | |
| § | EP-23-CV-00179-DCG |
| **JR DALLAS WEALTH MANAGEMENT** § | |
| **LLC,** § | |
| § | |
| *Defendant.* § | |

### ORDER TO CLARIFY JOINT STIPULATION OF DISMISSAL AND THE STATUS OF JD GROUP, INC'S THIRD-PARTY CLAIM

*Pro se* Plaintiff Brandon Callier and Defendant JR Dallas Wealth Management LLC, have jointly stipulated to dismiss "Plaintiff's claims against JR Dallas Wealth Management LLC."[1] If it were clear that JR Dallas Wealth Management LLC was the only remaining Defendant in this case, the Court would dismiss the case in its entirety pursuant to the Joint Stipulation.

The problem, however, is that it's ambiguous whether Plaintiff's operative pleading also asserts claims against a second defendant, Jehangir Raja.[2] Because federal courts must construe *pro se* pleadings liberally,[3] the Court interprets Plaintiff's pleadings to name Jehangir Raja as an

---

[1] Joint Stipulation, ECF No. 34.

[2] *Compare* 2d Am. Compl., ECF No. 28-1, at 1 (identifying Jehangir Raja as a "Defendant" in both the case caption and the list of "Parties"), *and id.* at 12-14 (alleging that "Defendant Raja" is personally liable for certain conduct), *and id.* at 16-18 (using the plural term "Defendants" and indicating that Plaintiff is seeking relief "Against All Defendants"), *and id.* at 18 (appearing to ask the Court to hold multiple entities (*i.e.*, "defendants") "jointly and severally" liable), *and* Notice Settlement, ECF No. 28 (listing Jehangir Raja as a defendant in the caption), *with* Joint Stipulation at 1 (failing to list Jehangir Raja as a Defendant in the case caption), *and id.* (stipulating to a dismissal as to Plaintiff's claims against JR Dallas Wealth Management LLC only).

[3] *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent

additional Defendant. Bolstering that reading of Plaintiff's Complaint is the fact that the parties listed Jehangir Raja as a "Defendant" in their Notice of Settlement caption.[4] Yet Plaintiff has only expressly stipulated "to a dismissal with prejudice as to Plaintiff's claims *against JR Dallas Wealth Management LLC*;" he hasn't said explicitly whether he's also dismissing his claims against Jehangir Raja.[5] The Court doesn't want to dismiss this *pro se* lawsuit in its entirety without first confirming Plaintiff's intention.

Furthermore, as far as the docket reveals, there is also a Third-Party claim that JD Group, Inc. is asserting against JR Dallas Wealth Management LLC.[6] Now that Plaintiff is dismissing his claims against JR Dallas Wealth Management LLC, the Court presumes that JD Group, Inc. is no longer seeking relief against JR Dallas Wealth Management LLC. However, the Court would like to hear JD Group, Inc.'s position directly.

The Court accordingly **ORDERS** Plaintiff **TO CLARIFY** whether Jehangir Raja is a party to this case—and, if so, whether Plaintiff intends to dismiss his claims against Jehangir Raja as well.[7]

---

standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

[4] *See* Notice Settlement at 1 (listing "JR DALLAS WEALTH MANAGEMENT LLC . . ., *and* JEHANGIR RAJA*" as the "Defendant*s*" (emphases added)).

[5] *See id.* (emphasis added).

[6] Third-Party Compl., ECF No. 8.

[7] *See* FED. R. CIV. P. 41(a)(1)(A) (providing (with various exceptions) that "the plaintiff may dismiss" claims against a defendant "by filing . . . a notice of dismissal before [that defendant] serves either an answer or a motion for summary judgment").

- 3 -

The Court further **ORDERS** JD Group, Inc. **TO CLARIFY** the status of its Third-Party claim against JR Dallas Wealth Management LLC.  Plaintiff and JD Group, Inc. **SHALL FILE** this information by **January 22, 2024**.

**So ORDERED and SIGNED this 8th day of January 2024.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**